■ In the Matter of the Claim of MAURICE KOHL, Respondent, v. JACK PICOULT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. From an award charged equally against two carriers, both appeal, each asserting that the other should be held solely liable. The employer, a construction contractor, concededly based in New York, was engaged in a number of out-of-State jobs. Claimant, a New York resident, who had been hired in New York and sent from there to a job in Minnesota at the employer's expense and under an agreement that he would be returned to New York, was injured on the Minnesota job. Appellant Michigan Mutual specifically covered the Minnesota operation and collected premiums on account of the job on which claimant was injured. We do not read the " all-States' endorsement " attached to the policy as excluding coverage in Minnesota in the event the employer should have additional coverage applicable there; but, in any event, the indorsement applies to States *not* designated in the declarations, and Minnesota is so designated, and, further, operations conducted in New York would not, as is clear from a typed interpolation, activate subdivision 3 or any other provision of the paragraph of the indorsement upon which Michigan Mutual relies. The board was warranted in finding Cosmopolitan also liable. That the employment was a New York employment of which the board had jurisdiction is conceded by all the parties; and it is clear that the operations in Minnesota were covered by Cosmopolitan as " conducted ", controlled and directed from the New York office specified in the policy. Indeed, an inspection report made shortly before the accident by Cosmopolitan's engineering department listed the employer's job sites (all, incidentally, without the State) as including that in Minnesota. There is no provision in the policy similar or comparable to the explicit exclusions in the policies considered in *Matter of Walker* v. *Johnson* (276 App. Div. 1033) and *Matter of Scammell* v. *Deleece Pastries* (13 A D 2d 597), cited by Cosmopolitan. Decision affirmed, with one bill of costs to respondent Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.